# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TAMEKA MUTCHERSON,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ATLANTIC HOUSING  )<br>FOUNDATION, INC., and  )<br>ATLANTIC HOUSING  )<br>MANAGEMENT, LLC,  )<br>  )<br>  Defendants.  ) | CV422-225 |

## ORDER

Plaintiff Tameka Mutcherson filed a Complaint against Atlantic Housing Foundation, Inc. ("AHF"). Doc. 1 at 1; *see also* doc. 6 (Proof of Service). She subsequently filed an Amended Complaint naming both AHF and Atlantic Housing Management, LLC ("AHM"). Doc. 7 at 1. Both AHF and AHM were served with the Amended Complaint on January 9, 2023. Docs. 9 & 10. Since AHM had not been served with the original Complaint, its deadline to respond to the Amended Complaint was January 30, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* doc. 11 (AHM's timely-filed Answer). Since AHF had been served with the original Complaint, its deadline to respond to the Amended Complaint

1

was January 23, 2023.  *See* Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").  AHF is in default because it did not respond to the Amended Complaint before that deadline.  *See generally* docket; *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." (citation omitted)).  Before the Court is AHF's Consent[1] Motion to Set Aside Default.  Doc. 12.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).  As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) (citations omitted).  These factors are not talismanic, and other factors also may be relevant in making a good cause determination.  *Id.*  For example, an additional

---

[1] AHF's motion explicitly states that Plaintiff consents, doc. 12 at 1; however, it is silent as to AHM's consent.  *See generally id.*  Nevertheless, the Court will consider AHF's motion as a consent motion since AHF and AHM are represented by the same counsel, and since their counsel signed the motion as "Attorneys for Defendant [AHF] and [AHM]."  *Id.* at 2.

factor that may be relevant is whether the defaulting party acted promptly to correct the default. *Id.* (*citing Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

*Wortham v. Brown*, 2015 WL 2152826, at *1 (S.D. Ga. May 7, 2015). In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez*, 774 F.3d at 1342.

AHF has demonstrated good cause to set aside default. *See generally* doc. 12. There is no indication that its default was willful. *Id.* Moreover, the nonmoving parties consent to AHF's motion, and they do not argue that they would be prejudiced by setting aside the default. *Id.* Accordingly, given "the disfavored status of defaults, and especially [the nonmoving parties'] express consent to the setting aside of the entry of default", *Will-Burn Recording & Publ'g Co. v. Universal Music Grp. Recs.*, 2009 WL 10700895, at *2 (S.D. Ala. Mar. 2, 2009), AHF's motion is **GRANTED**. Doc. 12.

AHF filed its proposed Answer to the Amended Complaint as an exhibit to its motion. Doc. 12-2. The Clerk is **DIRECTED** to file that

3

proposed Answer in a new and separate docket entry. AHF's Answer is deemed timely filed on the date of entry of this Order.

**SO ORDERED**, this 2nd day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA